■ George C. Furman, Respondent, v Suffolk County Treasurer, Appellant.—In a proceeding to adjudge the Treasurer of the County of Suffolk (hereinafter County Treasurer) in contempt, the County Treasurer appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated January 7, 1985, which directed her to pay, upon stated conditions, the attorney's fees owed to the petitioner George C. Furman, for his services in connection with eight separate tax certiorari proceedings.

Judgment reversed, on the law, with costs, and proceeding dismissed.

A review of the record reveals that the petitioner George C. Furman represented eight landowners in certain tax certiorari proceedings brought against the Board of Assessors of the Town of Riverhead and the Board of Assessment Review of the Town of Riverhead. These proceedings culminated in the issuance of eight judgments of the Supreme Court, Suffolk County (Luciano, J.), each dated April 19, 1983, each of which directed that the assessment of the property of the various landowners be reduced by 10%. Each of these judgments also authorized the County Treasurer, who was not a party to the proceedings, to refund to attorney Furman, rather than to the

landowners, "the amount of taxes that may have been paid on account of the original assessment in excess of the amount of taxes based upon the reduced assessment as herein determined". The record further establishes that on or about April 25, 1983, the office of the County Treasurer received copies of these eight judgments, but that refund payments were made directly to the landowners rather than to Mr. Furman.

It also appears from the record that Mr. Furman had agreed with his clients, the landowners, that his legal fee for successfully prosecuting the certiorari proceedings would be "the first year's tax savings". Due to the County Treasurer's having sent the tax refund checks directly to the landowners, Mr. Furman claims that he has been deprived of his fee. In order to obtain relief, Mr. Furman applied to the court to adjudge the County Treasurer to be in contempt of court. In support of this application, Mr. Furman averred that, at some unspecified time, he demanded payment of the tax refund from his clients as well as from the County Treasurer but that payment had been refused. On May 24, 1984, the court (Geiler, J.), issued a decision which stated only that "[t]he County Treasurer shall pay said refunds to George C. Furman and Mr. Furman, upon receipt of said payment, shall subrogate his rights against the property owners, who mistakenly received checks, to the County of Suffolk".

Subsequently, on or about October 4, 1984, Justice Geiler signed a judgment which had been submitted to him by Mr. Furman, admittedly without notice of settlement having been served on the County Attorney. This judgment included a provision not contained in Justice Geiler's decision, i.e., that the County Treasurer indemnify Mr. Furman for "agency fees and disbursements", and also omitted a provision contained in Justice Geiler's decision regarding subrogation.

By notice of motion dated December 11, 1984, the County Treasurer moved for an order granting "[re]settlement" of the judgment dated October 4, 1984. The court granted the motion and issued the judgment dated January 7, 1985, which differs substantially in its provisions from the judgment dated October 4, 1984. This appeal followed.

We note, initially, that the motion which resulted in the judgment under review was not one for resettlement. Rather, the motion was, in effect, one to vacate a judgment which had been improperly issued ex parte, and to properly settle a judgment on Justice Geiler's decision dated May 24, 1984. While it may be unusual for the party aggrieved by a decision

to be the party to take steps to reduce such decision to the form of a judgment or order, in this case the county was impelled to so move because Mr. Furman had failed to do so in accordance with proper practice (see, 22 NYCRR former 790.15 [f]). The fact that the County Treasurer was responsible for the settlement of the judgment does not alter the fact that the County Treasurer is aggrieved by it. Therefore, we find that the arguments raised by the County Treasurer may properly be reviewed by this court.

Turning to the merits, we find that Special Term should have denied the application to hold the County Treasurer in contempt in its entirety. The County Treasurer, at the time the tax refunds were paid, was not under any court order to pay Mr. Furman the tax refunds, but was, at most, authorized to do so. Thus, there was no violation of a court order, willful or otherwise. Nor does the record support the conclusion that the County Treasurer willfully neglected or violated the duties imposed by her office (see, Judiciary Law § 753 [A] [1]). Accordingly, the application to hold the County Treasurer in contempt should have been denied. We pass on no other issue. Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.